Robert L. Greener, Esq.
LAW OFFICE OF ROBERT L. GREENER P.C.
112 Madison Avenue, 6th Floor,
New York, NY 10118
(646)415-8920 Phone
rlg@greenerlegal.com
Attorney for Plaintiffs


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X

CHONG XIE and HYPERARCH FASCIA
TRAINING, INC.,

                              Plaintiff

            v.

TAYLOR DAVIDSON,

                         Defendants.

———————————————————————X

Civil Action No.: 22-CV-1672

COMPLAINT FOR TRADEMARK
COUNTERFEITING, TRADEMARK
INFRINGEMENT, FALSE
DESIGNATIONS OF DILUTION
ORIGIN, AND UNFAIR
COMPETITION

JURY TRIAL REQUESTED

       Plaintiffs, CHONG XIE and HYPERARCH FASCIA TRAINING, INC. by their attorney

The Law Office of Robert L. Greener P.C., for its Complaint against Taylor Davidson, alleges as

follows:


**NATURE OF THE ACTION**

1.    This is a suit by Plaintiff, CHONG XIE (hereinafter "Xie") and HYPERARCH FASCIA

TRAINING, INC (hereinafter "HFT") against Defendant TAYLOR DAVIDSON (hereinafter

"Davidson") for preliminary and permanent injunctions, statutory damages, treble damages or

profits, compensatory damages, punitive damages, pre-judgment interest, attorneys' fees,

investigators' fees and costs from defendant for Plaintiffs' federally registered 'HYPERARCH

1

MECHANISM' ("Hyperarch") trademark, that Defendant has willfully and maliciously counterfeited and Plaintiffs' Federally registered Copyrights.

2.      Plaintiffs obtained the Hyperarch service trademark on November 17, 2017, in IC Class 041, serial number 8734259 a copy of which is annexed as Exhibit "A", covering their sports training services utilizing the Hyperarch training method created by Plaintiff Xie.  The mark has been used continuously in commerce since its filing. It has come to be associated in the public's mind with Xie and his unique training method.

3.      Plaintiffs have also filed several copyrights on its training material.  The first one is TX9-076-763 for Plaintiffs' training book titled Hyperarch Fascia Training Annexed hereto as Exhibit "B" are copy of the registration. Annexed as Exhibit "C" is Copyright registration TX9-078-066 covering Xie's book the "Secret of Athleticism" which details the philosophy of Plaintiffs training methods.

4.      HFT's target market is active people, athletes and elite athletes, and HFT charges a fee for use of its training method through paid subscription of online educational material and for its private 1-1 coaching sessions.  Due to the great results that Athletes achieve using the HFT methods, HFT has gained a very high reputation in the Market. Accordingly, due to the forgoing, HFT has seen consistently impressive year to year sales growth in the past several years.  Plaintiff Xie has become a well-respected athletic trainer (fascia coach) due to the work he has done with HFT.

5.      Defendant is being sued by Xie and HFT because of Defendant's promotion, sponsorship, and advertisement of a website titled "Football Entangled" which also offers specific Athletic training for Athletes.  Defendant uses Plaintiffs trademarked athletic training method and unique exercises he developed for the Hyperarch training method for his Football Entangled program.

6.      Davidson was a longtime client of HFT and spent two years learning HFT and Xie's training methods and exercises. Further, Davidson's Football entangled program uses the exact same exercises and the copyrighted material used with the Hyperarch training method and exercises to describe his own exercises and methods.

7.      Defendant charges a fee for members of his program which is far less than the same program offered by Plaintiffs.  As a result, this undercuts Plaintiffs' services and substantially affects HFT's market share.  The unlawful acts of Defendant constitute federal trademark infringement and counterfeiting, false designation of origin, false advertising, and false description under the Lanham Act and unfair competition under New York State law. The acts of the Defendant have, are, and will continue to infringe, tarnish, and dilute HFT's trademark.

8.      Plaintiffs assert claims against Defendant for direct, contributory, and vicarious trademark infringement, trademark counterfeiting, reverse confusion, false designation of origin, and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq.; specifically under Section 32(1) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a)(1)(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); false advertising under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and for

substantial and related claims under New York State and common law, including deceptive trade practices.

9.     Plaintiffs also assert claims seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

10.     Plaintiffs are also seeking injunctive relief to prevent the use of, and sales of infringing products and to prevent the use of HFT's Trademarked training program (or any marks confusingly similar thereto) for any purpose relating to athletic training services; an accounting and disgorgement of Defendant's profits received from their unlawful use of HFT's Trademarks and Copyrights; or in the alternative statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold or distributed by Defendants, as authorized by Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c); recovery of HFT's attorneys' fees and costs due to the willful infringement; any other relief authorized by the Lanham Act and applicable state law; and such other relief as the Court deems just and proper.

11.     Furthermore, Plaintiffs also seek to preliminarily and permanently enjoin Defendant, his agents, servants, employees, and attorneys and all those acting in concert with them from infringing Plaintiff's Copyrights in violation of 17 U.S.C. §501 or using any of Plaintiffs literary work in any manner; and awarding Plaintiffs costs in this action, including their reasonable attorneys' fees pursuant 17 U.S.C. § 505.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 17 U.S.C. § 101, et seq; and further under Sections 1331,

1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and under principles of pendent jurisdiction. The Court has supplemental jurisdiction over HFT state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

13.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and /or §1400(a) because a substantial part of the actions and wrongful conduct underlying these claims occurred in this district and Defendant has contractually agreed to venue.

## **PARTIES**

14.     Plaintiff Chong Xie is a physical trainer (Founder, CEO and Fascia Coach) who runs the HFT sports training program.

15.     Plaintiff HFT is a domestic corporation with address at 34 Peacock Drive, Roslyn, New York.

16.     HFT operates a fee-based website https://www.secret-of-athleticism.com, where paying members can access the specialized physical training content created by Xie and branded under the HFT trademark.

17.     Defendant Davidson is an individual with address at 720 Emerald Bay, Laguna Beach California, 92651.

18.     Davidson also runs a fee-based website "Football Entangled", https://footballtruth.com, where he too offers specialized training to members.  Defendant maintains a separate web address for the training programs at https://tribe.footballtruth.com/topics/3866146/list.

19.     Plaintiff alleges that the athletic training program run by Football Entangled is wholly derived from the program, developed, owned and sold by Plaintiffs thereby infringing on Plaintiffs' valuable intellectual property rights.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A. History and background of Plaintiffs Xie and HFT.**

20.     Plaintiff Xie has been an athlete his whole life.  As a child in Beijing, he studied martial arts including Kung Fu and Tai Chi. He also played sports including soccer and basketball. Due his love of sports and the martial arts, as he got older Plaintiff Xie became interested in the physics of sports training.

21.     In 2010, Xie suffered an injury and was diagnosed with patellar tendonitis in his knee and grew bone spurs as a result. As part of his rehabilitation therapy, he was told to strengthen his quads to alleviate the knee pain.

22.     So, Xie began a weightlifting program using squats and deadlifts to strengthen his legs. However, despite being able to lift twice his own body weight, the pain did not subside. As a result, Xie started to investigate why this was the case.

23.    Working with other athletes and himself, Xie started to research the relationship between the feet, Gluteus muscles and the body's core muscles understood as neuroplasticity and how it effects the body during physical activity. As part of his work, Xie used foot pressure mapping equipment to understand where pressure was focused in the foot on different exercises and poses.  Further, Xie also used a special suit called an EMG suit, to measure electrical activity in the body between the foot and glutes.

24.    Xie's research led him to discover the connection in the functioning of the fascia, located in the arch of the foot with the glutes to create speed and strength with less stress on the joints and lower back.

25.    In 2013, through this research Xie created the Hyperarch Fascia Training method. One of the fundamental aspects of the HFT method was the creation of specific training exercises which activate the fascia in the arch.

26.    Following is a list of specialized exercises created by Coach Xie to activate the hyperarch connection:

- Elevated Towel Curls.
- Hyperarch Hip Swing.
- Hyperarch Hop.
- Hyperarch Marble exercise.
- Hyperarch Ab Circle.
- Hyperarch Mountain Climber.
- Hyperarch Rotation.
- Hyperarch Stretching.

These exercises were created by Xie based on the research he conducted over several years.

Each was derived from the years of training, experience and research conducted by Xie and were original to him.

27.    Xie started to promote his training method and formed HFT the company. He began to work one to one with other athletes and promoted his work online including on YouTube and Instagram, where his Instagram channel had up to 18,300 followers.  Xie also opened his own YouTube channel which has over 1,131,657 views.   They can be viewed at www.youtube.com/user/Chongxiediscovery. Currently the site has 11.5 thousand subscribers.

28.    In addition to the YouTube channel, Xie set up a website for his clients- https://www.secret-of-athleticism.com which clients can join for a fee.  Once the Customer pays the fees, the HFT website offers instructional programing, training and exercises created specifically to develop the hyperarch-glutes connection. Clients can also choose one to one training with Coach Chong.

29.     Around that time, Xie started to work with student athletes and professional basketball players and coaches to teach them the HFT training method.  One of his clients at the time, Marc Dadika, obtained a D1 scholarship in a major university.

30.    Xie has worked with Professional football athletes such as Niko Hansen, Matthew Hoppe, Gabriel Nunez, Ness Zamir, MMA athlete Zhang Weili, Alistair Overeem and Professional basketball athlete Mads Kofod Rasmussen. In 2013, Coach Chong started helping local kids and got some media attention in the basketball field. Bballbreakdown, a YouTube

channel with 830k subscribers had an interview with Coach Chong and his training client Marc Dadika, the video title is "How to unlock your athletic ability". The video was published on Aug 2, 2014. Marc eventually became a D1 scholarship winner in the state of New Jersey, cementing the efficacy of Coach Chong's proprietary method.

31.     Xie has also coached Marquise Goodwin, an NFL receiver and gold medalist in long jump. In 2019, Xie coached mixed martial artist Zhang Weili, to the UFC championship, the first Asian woman to do it. She knocked out her opponent in 42 seconds!

32.     HFT also promotes itself on Instagram and Facebook with thousands of followers.

33.     Xie also wrote a book which sets out his training theories and philosophy.  The book is called Secret of Athleticism and explores in depth Xie's discovery about the human body and proper foot biomechanics to bolster athleticism.

34.     The Book "Secret of Athleticism" was published in 2013 by Smashwords and can be accessed on HFT's website and many of his clients have read his e-book.  It was copyrighted in 2022, and a copy of the registration is attached as an exhibit hereto.

35.     Members of HFT program pay a fee to access the training program. There are three tiers to memberships - $50, $99, and $200 - with each level entitling members to a different level of content depending on price. On top of the on-line training program, there is also a

personal training option.   For example, a 12-week 1-1 coaching program costs $3,000 to $25,000.

**B.      History of infringement**.

36.      In September 2019, shortly after Coach Chong's client Zhang Weili won the UFC title, Defendant Davidson contacted Plaintiffs to inquire about becoming a client of HFT.  Davidson is a soccer player who had chronic calf issues among other physiological issues.  He contacted Xie to work with him to relieve the pain and make his body stronger.

37.      Starting on September 23, 2019, Davidson became a client of HFT. He subscribed to the website with the educational content which ended on December 31, 2021, and he had access to the Hyperarch Fascia Training Facebook group till February 2022. As a member of HFT Davidson received access to the HFT website and therefore agreed and was subject to its terms and conditions.

38.      While a client of HFT, Davidson had full, unlimited access to the HFT training program which included all of the training materials, including the exercise plan, video instruction and Xie's ebook and other written material which outlined the HFT methodology in detail.

39.      Davidson also participated in zoom training with Xie on multiple occasions.  One session can be seen here: https://www.youtube.com/watch?v=gXX6a99XXa4.  In this video Defendant describes how effective the HFT training method was in helping him overcome his biomechanical issues and relieve his chronic pain.

40.     Starting in February 2022, Plaintiff Xie began receiving text messages from other clients informing him that someone was using his HFT program and selling it. When Xie investigated their claims, it turns out Davidson had created a competing program utilizing all of HFT's unique and original training program and methodology. Davidson was still subscribed to Plaintiffs' training program when he found out Davidson was using and selling his exact exercises.

41.     Davidson had taken HFT training methods, and exercises and simply rebranded them as his Football Entangled program which he was selling for a fraction of HFT's cost.

42.     As a result of the significant price difference, Davidson was undercutting HFT and taking away market share.

43.     It is believed that Davidson has gotten hundreds if not several thousand clients including professional athletes.

44.     Beyond the Football Entangled website, Defendants have several YouTube Channels for Football Entangled https://www.youtube.com/results?search_query=football+entangled and https://www.youtube.com/channel/UCNZO-Hd8030blXXGmdGdvdA.  In both, Davidson uses HFT training exercises, holding them out as his own, and teaching the HFT method without consent.  Some of the videos have several thousands of views.

45.     Davidson also has an Instagram page for Football Entangled with twelve thousand five hundred followers. Also, Tiktok footballEntanged with 14.5k followers and 891.8k Likes

46.     As a result of such widespread use and dissemination of the HFT method, the public has come to see the HFT method with Davidson and/or have come to believe that Plaintiff is sponsoring or in partnership with Defendant.

47.     On the basis of the above, it's clear that Defendant Davidson is palming off HFT's Hyperarch method as his Football Entangled program.

48.     Further, Plaintiff Xie has received numerous communications from third parties including coaches, athletes, and former clients inquiring about Davidson's teaching of HFT's methods. Many informed Xie, that the exercises are the same and that he is offering the course significantly less than Plaintiff.

49.     Further, there have been complaints to Xie that the quality of HFT method is poor, when in fact they were not Plaintiff's students but Davidson's.  Thus, Davidson is diluting the reputation of HFT, and beseeching Xie's good name by teaching the Hyperarch method without any oversite from Plaintiff.

50.     Defendant's continuous actions have and continue to damage plaintiffs by reducing the value of his training method and opportunity to sell the program to high level athletes and coaches

**COUNT ONE**
<u>FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125 (c))</u>

51.     Plaintiffs repeats and realleges the allegations of Paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52.     Plaintiffs' HFT Trademark 'Hyperarch Mechanism' is a "famous mark" within the meaning of §43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(l) and has been a famous mark prior to Defendant's conduct as alleged herein.

53.     HFT's and Xie, Hyperarch Mark has some to symbolize the unique and specialized athletic training offered by Plaintiff.  Consumers have come to associate the Hyperarch method exclusively with Plaintiffs.

54.     Defendant is active in taking the core services which Plaintiff's mark has come to represent and stripping them out for his Football Entangled program, without using the Plaintiff's mark while utilizing those unique and specialized exercises developed by Xie as his own.

55.     The above can be demonstrated by the comparison of the excises and use of the same or substantially similar words and phrases that Defendant uses to describe both his exercises and his 'way of nature' method attached as exhibits to this complaint. Annexed hereto as Exhibit "D" and "E" are sample of the infringing use on Defendant's web site pages.

56.     Defendant's promotion, sponsorship, and advertisement of his training program including

offers for membership to his website which contain the infringing materials which dilutes the distinctive quality of the HFT Trademark and was done with the willful intent to trade on Plaintiffs reputation and/or to cause dilution of the HFT Trademark. Thus, causing substantial consumer confusion in the industry.

57.     Defendant's unauthorized use of the exercises and training language infringe the HFT Trademark and was done with notice and full knowledge that such promotion, and advertisement including sale, and offers for sale of membership of the sports training programs was not authorized or licensed by Plaintiffs.  Plaintiff sent a cease-and-desist letter to Defendant on February 2, 2022 which is annexed hereto as Exhibit "F" which Defendant ignored, and in fact the pace of their infringement has only increased since then.

58.     Defendant's aforesaid acts are in knowing and willful violation of Plaintiffs rights under section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

59.     Plaintiff has no adequate remedy at law and, if Defendant's activities are not enjoined, will continue to suffer irreparable harm and injury to Plaintiffs' goodwill and reputation.

60.     As a result of Defendant's activities, Plaintiff has been damaged in an amount to be ascertained at trial, but no less than $2,000,000.00.

**COUNT TWO**

UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

61.     Plaintiffs repeats and realleges Paragraphs 1 through 60 to this Complaint as if fully set forth herein.

62.     The Infringing uses are of the same general nature and type as Plaintiffs' business services and coaching services offered by Plaintiffs and as such, Defendant's promotion, sponsorship, and advertisement of his sports training program including sale, and offers for sale memberships to his website, has and will continue to cause confusion to the general purchasing public.

63.     The aforesaid acts of Defendant constitute use in commerce of images, words, terms, names, symbols and combinations thereof and false designations of origin that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with HFT, or as to the origin, sponsorship or approval of Defendant's and HFT's goods, each by the other.

64.     Defendant is directly, vicariously and/or contributorily liable for such false designation of origin.

65.     The aforesaid acts of Defendant is willfully intended to trade on the reputation and goodwill associated with the HFT mark.

66.     By misappropriating and using marks which infringe upon the HFT Trademark, Defendant misrepresents and falsely describes to the general public the origin and source of the Infringing goods and services and to create a likelihood of confusion by ultimate purchasers as to both the

source and sponsorship of such goods or merchandise.

67.      Defendant's unlawful, unauthorized and unlicensed promotion, sponsorship, and advertisement of his Football Entangled program and advertising, distributing, offering for sale and/or selling of the infringing services creates express and implied misrepresentations that the infringing goods and services were produced, created, authorized or approved by Plaintiffs, all to Defendant's profit and Plaintiffs' great damage and injury.

68.      Defendant's aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1 125(a), in that Defendant's use of marks which infringe upon Plaintiff's HFT Trademarks, in connection with Defendant's goods and services, in interstate commerce constitutes false designation of origin and unfair competition.

69.      Plaintiffs have no adequate remedy at law. If Defendant's activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation.

70.       By reason of the foregoing, defendant is liable to HFT for: (a) an amount representing three (3) times HFT's damage  or  defendant's  illicit  profits; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C.  § 1117.

**COUNT THREE**
**FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

71.      Plaintiffs repeats and realleges the allegations of Paragraphs I through 70 of this Complaint as if fully set forth herein.

72.     The HFT Trademark and the goodwill of the businesses associated with them in the United States and throughout the world are of great and incalculable value, are highly distinctive, and have become universally associated in the public mind with the products and services of the very highest quality and reputation finding their source in Plaintiff Xie's unique and original training program.

73.     Upon information and belief, without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in the HFT Trademark, and the fact that Defendant's goods and services are confusingly similar to those offered under the HFT Trademark, Defendant has manufactured, distributed, offered for sale and/or sold the goods and services or Products to the consuming public in direct competition with Plaintiff's sale of its genuine services in or affecting interstate commerce.

74.     Defendant's use of marks which infringe upon the HFT Trademark is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing goods and services and any Products and is likely to deceive the public into believing the infringing goods and services and any Products originate from, are associated with or are otherwise authorized by Plaintiffs, all to the damage and detriment of Plaintiff s' reputation, goodwill and sales.

75.     Plaintiffs have no adequate remedy at law and, if Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

76.     As a result of Defendant's activities, Plaintiff has been damaged in an amount to be ascertained, but no less than $2,000,000.00.

77.     As a result of Defendant's activities, Plaintiffs have been damaged in an amount to be ascertained, but no less than $2,000,000.00. By reason of the foregoing, defendant is liable to HFT for: (a) an amount representing three (3) times HFT"s damage  or  Defendant's illicit profits; and (b)  reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## COUNT FOUR

### COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 106 and 501)

78.     Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 77 inclusive.

79.     Defendant has taken from Plaintiffs the language used to describe the Defendant's exercises verbatim from Plaintiffs copyrighted training guide and his ebook "Secret of Athleticism".

80.     Defendant's use the copy on his website, Instagram page, and YouTube Channel to promote and market his Football Entangled program which directly infringes the Plaintiffs' copyrighted works.

81.     Through the conduct averred herein, Defendant has infringed Plaintiffs' copyright in the infringed literary work in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

82.     Defendant's acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

83.     As a direct and proximate result of said infringement by Defendant, Plaintiffs are entitled to damages in an amount to be proven at trial.

84.     Plaintiffs are also entitled to Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

85.     Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

86.     As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believes on that basis aver that unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiffs' rights in the Infringed Composition. Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

**COUNT FIVE**
NEW YORK TRADEMARK DILUTION
(New York General Business Law § 360(1)

87.      Plaintiffs repeat and realleges Paragraphs 1 through 86 of this Complaint as if fully set forth herein.

88.      Defendant's acts have caused damage to Plaintiffs by tarnishing Plaintiffs' valuable reputation and diluting or blurring the distinctiveness of Plaintiffs' HFT Trademark in violation of New York General Business Law § 360(1), and will continue to tarnish and destroy the value of Plaintiffs' HFT Trademark unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

## COUNT SIX
### UNLAWFUL DECEPTIVE ACTS AND PRACTICES
### (New York General Business Law § 349)

89.      Plaintiffs repeat and realleges Paragraphs 1 through 88 of this Complaint as if fully set forth herein.

90.      Upon information and belief, Defendant, without Plaintiffs' authorization or consent, and having knowledge of Plaintiffs' well-known and prior rights in the HFT Trademark, has by its infringing uses of the same general nature and type as Plaintiff's business services and training sessions hosted by Plaintiff Xie and as such, Defendant's promotion, sponsorship, and advertisement of his training program including sale, and offers for membership to his website which offered for sale and/or sold infringing services to the consuming public in direct competition with Plaintiffs' HFT tradenames and logos.

20

91.     Defendant's use of actual copies or simulations of the HFT Trademarks are likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the infringing services and is likely to deceive the public into believing the infringing services being sold by Defendants originate from, are associated with, or are otherwise authorized by Plaintiffs.

92.     Defendant's deceptive acts and practices involve public sales activities of a recurring nature.

93.     Plaintiffs have no adequate remedy at law and, if Defendant's activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to its goodwill and reputation.

### COUNT SEVEN
### UNFAIR COMPETITION UNDER NEW YORK STATE LAW

94.     Plaintiffs repeat and realleges Paragraphs 1 through 93 of this Complaint as if fully set forth herein.

95.     Plaintiffs have built up valuable goodwill in the HFT Trademark.

96.     Defendant's use of marks are Infringing uses of the same general nature and type as Plaintiffs' business services and events hosted by Plaintiffs and as such, Defendant's promotion, sponsorship, and advertisement of athletic training including offers for purchase of membership and induvial training seasons, infringe upon Plaintiffs' HFT Trademark is likely to and does permit Defendants to palm off the infringing goods services and any Products as those of Plaintiff, all to

the detriment of Plaintiffs and the unjust enrichment of Defendant.

97.     Upon information and belief, Defendant, with full knowledge of the fame of the HFT Trademarks, intended to, and did, trade on the goodwill associated with the HFT Trademark and have misled and will continue to mislead the public into assuming a connection between Plaintiff Xie and HFT and Defendant by Defendant's advertising, selling and/or distributing of the infringing services.

98.     Defendant's infringed upon Plaintiffs' HFT Trademark and has caused, and is likely to continue to cause Plaintiffs damage by tarnishing the valuable reputation and images associated with Plaintiffs and its genuine goods and services.

99.     The acts of Defendant's which permit and accomplish confusion, mislead and deceive the public as to the source of the infringing services, permit and accomplish palming off of the services as those of Plaintiffs' and falsely suggest a connection with Plaintiffs, constitute acts of unfair competition with Plaintiffs in violation of the laws of the State of New York.

100.     Defendant's acts have caused and will continue to cause Plaintiffs irreparable harm unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs respectfully requests the following relief as to each of the above causes of action:

1.     That Defendant, his officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be enjoined and restrained and thereafter, permanently enjoined:

a. from using in any manner the marks which infringe upon Plaintiffs' HFT Trademarks, as to be likely to cause confusion, deception, or mistake on or in connection with any use which is in same general nature and type as Plaintiffs' business services and events hosted by Plaintiffs and as such, including Defendant's promotion, sponsorship, and advertisements of training programs and videos including the sale, and offers for sale membership in his Football Entangled programs in connection with each of Defendant's services;

b. from passing off, inducing, or enabling others to sell or pass off any product or service produced by Plaintiff, not Plaintiffs', or not produced under the control and supervision of Plaintiffs and approved by Plaintiffs for sale under the HFT Trademarks;

c. from committing any acts calculated to cause consumers to believe that the Infringing goods and services are produced under the control and supervision of Plaintiffs, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiffs;

d. from further diluting and infringing the HFT Trademarks, and damaging Plaintiffs' goodwill;

e. from otherwise competing unfairly with Plaintiffs in any manner.

2.     That Defendant's cause to be disabled any URL, website, blog, any online posting or retail stores or sites which uses the HFT exercises or copyrighted training materials in any manner, including also any that appear on social media sites such as YouTube, Facebook, Instagram, or TikTok, etc..

3.     That Defendant, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiffs a written report under oath setting forth in detail the manner in which Defendants have complied with paragraphs 1 and 2 supra.

4.     That Defendant's account for any and all sales of memberships or other training services sold by Defendant by infringing the HFT Trademark; and to pay over to Plaintiffs profits realized by reason of Defendant's unlawful acts herein alleged and, that the amount of damages for infringement of Plaintiff's HFT Trademarks be increased by a sum of treble damages under 15 U.S.C. §§ 1117(b) based on the intentional or wonton infringement.

5.      A Finding that that Defendant's infringing goods and services infringe Plaintiffs' HFT Trademarks.

6.      That Plaintiffs be awarded damages for Trademark infringement in amount to be specified at trial.

7.      That Plaintiffs be awarded damages for Copyright infringement in an amount to be specified at trial.

8.      That Plaintiffs be awarded punitive damages.

9.      That Plaintiffs be awarded costs and disbursements of this action, together with reasonable attorney fees under section 15 U.S.C. §§ 1117(b), and New York Law.

10.     That Plaintiffs be awarded such other and further relief as the Court may deem equitable, including, but not limited to, any relief set forth under Sections 34-39 of the 1946 Trademark Act.

Dated:  March 25, 2022
         New York, New York

                              Respectfully submitted,
                        LAW OFFICE OF ROBERT L. GREENER PC.

                        _____
                        ROBERT L. GREENER
                        ROBERT L. GREENER ESQ(RG8089)
                        *Attorney for Plaintiff*
                        112 Madison Avenue, 6th Floor
                        New York, NY 10118
                        (646) 415-8920

24